ELIJAH M. MERKEE, RESPONDENT, *v.* THE CITY OF ROCHESTER, APPELLANT.

13h    157
39 Mis¹ 230
13h    157
40 Mis 167

*Process — voluntary appearance — when sufficient — Violation of city ordinance — power to imprison in jail does not authorize imprisonment in penitentiary.*

The want of process to bring a defendant into court may be waived by a voluntary appearance in the action; but to be effectual, such appearance must be with knowledge that there is an action pending and with a full intention to appear therein.

The mere presence of a defendant in a court room does not authorize a magistrate to proceed and render a judgment against him, unless he notify him that an action is pending against him and unless he fully understands the nature of the proceedings.

By the charter of the city of Rochester the police justice thereof has jurisdiction in suits brought for a violation of any of the city ordinances, and is authorized to enter a judgment commanding a penalty, recovered for a violation of said ordinances, to be made of the goods and chattels of the defendant, if such can be found; and if not, then to commit the defendant to the county jail for such time as shall have been directed by the common council, unless otherwise provided by the charter. The plaintiff having been adjudged guilty of a violation of one of the city ordinances, was sentenced to pay fifty dollars, or, in default thereof, to be imprisoned in the Monroe county penitentiary for ninety days.

*Held*, that the judgment was void, (1) because it did not appear that the common council had made any direction as to the length of time for which persons found guilty of violating city ordinances should be imprisoned, and (2) because the charter authorized an imprisonment in the county jail only, and not in the county penitentiary.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order of the Special Term denying a motion for a new trial made upon a case and exceptions.

*J. B. Perkins,* for the appellant.

*J. A. Adlington,* for the respondent.

TALCOTT, J.:

This is an appeal from a judgment for the plaintiff, rendered on a verdict in the County Court of Monroe county, and from an order denying a new trial.

The action is to recover back money alleged to have been wrongfully extorted from the plaintiff, for the benefit of the defendant, by the police justice of the said city of Rochester. It appears that the money, fifty dollars, was paid by the plaintiff in pursuance of a judgment rendered by the said police justice, whereby the plaintiff was ordered to pay the said sum of fifty dollars, or be committed in default thereof to the Monroe county penitentiary for the term of ninety days, and the plaintiff claims that the money was paid under threat of, and to save himself from the imprisonment imposed by the judgment.

The complaint against the plaintiff was for the violation of a city ordinance, which provides that no person shall exhibit or perform, for gain or profit, any theatrical or circus representation or exhibitions, or any other idle shows or feats which common showmen or jugglers usually practice or perform for private emolument or gain, without having obtained a license for the same from the common council of said city, under a penalty of fifty dollars for each offense.

It appears that the plaintiff is what is known as a spiritual medium, and for gain gave exhibitions, commonly called seances, in said city, without having obtained a license. The defense to this action to recover back the fifty dollars imposed as a penalty under the ordinance, is that a judgment for such penalty was duly recovered before the police justice of said city, on a plea of guilty by Marker, and that the fifty dollars was paid in pursuance of such judgment.

By section 245 of title 10, of the charter of said city it is provided, that "the police justice of said city shall have jurisdiction in suits brought for a violation of any of the city ordinances." The

police justice was examined on the trial and produced his docket, which contained the following entry:

"IN POLICE COURT, AUGUST 21, 1876.

The City of Rochester *v.* Elijah M. Marker.

*Violating section* 24 *of Ordinance relating to Nuisances.*

Plead Guilty.

Judgment for one penalty fifty dollars; in default of payment, to be imprisoned in the M. C. P. for ninety days."

It appears that no warrant, or other process, was served on the plaintiff to bring him into court. According to the plaintiff's statement he went to the office of the city clerk and asked him if it was necessary, in the city of Rochester, to take out a license for holding spiritual seances or religious meetings of any kind. The clerk read the ordinance in question, and said it would come under the head of jugglers, and said the plaintiff would have to take out a license, and the plaintiff asked the clerk what the fee would be for six weeks, and was answered that he (the clerk) could not tell till he had ascertained what the back fee would be, till he (the plaintiff) paid up the old scores. This seems to have had reference to the fact that the plaintiff had already given several performances without having obtained any license therefor. Finally, the plaintiff says the clerk told him, if he was in a hurry, to come with him to the Justices' Court. The clerk then took him to the police office, and when there the clerk said to the police justice: "This is the man that holds spiritual circles." The plaintiff then said: "Yes, I am the man." The police justice then inquired of the plaintiff if he (plaintiff) had held these circles; to which the plaintiff answered in the affirmative. The police justice then inquired of plaintiff if he (plaintiff) took money at the door; to which plaintiff replied that he did not take money at the door, but only took money from those present at the circles, after they were seated. And the police justice then said to the plaintiff: "You have violated one of the penal ordinances of the city, and I fine you fifty dollars, or ninety days in the county jail," and then turned the plaintiff over to the custody of the chief of police. The plaintiff further says

that no process was served upon him, and he was not asked to submit himself to the jurisdiction of the Police Court; and, in fact, that nothing further took place at the police office, before the payment of the fine, than he had in substance related.

It is very clear that if the account of the plaintiff as to what transpired at the police office is correct and contains a statement of all that occurred there, the police justice gained no jurisdiction over his person for the purpose of proceeding to judgment. Jurisdiction of the person may always be denied or put in issue. According to the account of the plaintiff he was not aware that any suit was proceeding and did not intend to appear in any suit, but supposed that what transpired at the police office was only a casual conversation, of no legal effect or pertinence.

The police justice entered in his docket a memorandum as though the proceedings had been had in a regular suit, and that the defendant pleaded guilty to a violation of the ordinance, whereas, according to his statement he only admitted what the city clerk had said, that he (the plaintiff) was the person who gave spiritual seances, without at all conceding that they required to be licensed under the ordinance.

The want of a process to bring a defendant into court may, it is true, be waived by a voluntary appearance in the suit; but a voluntary appearance, to be effectual for this purpose, must be with knowledge that there is a suit pending and with a full intention to appear therein. The mere presence of a defendant in a court room does not authorize a magistrate to proceed and render a judgment against him, without advising him that a suit is pending against him, nor without a full understanding on the part of the defendant as to the nature of the proceedings.

If the statement of the plaintiff is correct, not only he did not understand that he was voluntarily appearing and pleading guilty, in an action for a penalty for violating an ordinance of the city of Rochester, but he did not understand and was not informed that any such action had been commenced against him, and would not have pleaded guilty thereto if he had known of the complaint.

The testimony of the city clerk tends to corroborate that of the plaintiff in regard to what took place at the police office, though that of the police justice tends to establish that the plaintiff fully

understood that a complaint was made against him for violating the ordinance, and that he deliberately and understandingly pleaded guilty thereto. Of the weight and effect of this conflicting evidence the jury were the judges, under proper instructions from the court. But the defendant's counsel claim that the judge decided this conflict of the evidence in favor of the plaintiff, by instructing the jury that the judgment rendered by the police justice was utterly null and void, and thus withdrew from their consideration the question whether the plaintiff was informed that a complaint was made against him, and was informed of the nature thereof, and knowingly pleaded guilty thereto. This part of the charge of the county judge was excepted to. He was requested to submit to the jury the question whether the plaintiff appeared in the action against him before the police justice, and to charge the jury that if he voluntarily appeared and submitted himself to the jurisdiction of the court and pleaded that he had violated the ordinance, then, that the judgment entered against him was valid. To this the court made answer : " I decline so to charge, and go further, and say that there was no action pending before the police justice in favor of the city." To which the defendant's counsel excepted.

The counsel for the plaintiff claims that the judgment is a nullity on its face because it is a judgment in a civil action for a penalty of fifty dollars, and directs, in default of its payment, the plaintiff be imprisoned for ninety days in the Monroe county penitentiary.

A judgment for a penalty recovered for the violation of an ordinance is, apparently, authorized by section 240 of title 10 of defendant's charter to command the amount to be made of the goods and chattels of the defendant if such can be found, if not then to commit the defendant to the county jail for such time as shall have been directed by the common council, unless otherwise provided by the charter. It does not clearly appear upon what ground the county judge charged the jury that the judgment purporting to have been rendered by the police justice was " utterly null and void," nor upon what ground the plaintiff's counsel claims it to have been void on its face, and we are left to speculate upon the subject *de novo*.

It could not be for want of process to bring the defendant before the court, for in a civil action a voluntary appearance waives the

irregularity, or even the want of process. (*Allen* v. *Malcolm*, 12 Abbott [N. S.], 337.) And it is well established that in a civil action the defendant may appear *gratis*, that is, without any process to compel him to appear. But though we do not think the judgment void, as seems to be supposed by the plaintiff's counsel, and seems to have been supposed by the county judge, because of the want of any process to bring the defendant into court, nevertheless we think the judgment might well have been held to be void for the two following reasons:

First. It did not appear in the case that the common council had made any direction, as to the length of time for which the defendant should be committed to jail under the said section 240 of the defendant's charter.

Second. The said section 240 only authorizes imprisonment in default of payment in the *county jail* of Monroe county, and we are not referred to any statute which authorizes, in such cases, a judgment for imprisonment in the "*Monroe county penitentiary*" for default of goods and chattels, whereof to make the amount of the recovery in such an action.

For these reasons, therefore, we are of the opinion that the judgment rendered by the police justice was void, and that the money which the plaintiff sued to recover was paid under the duress of a void judgment and could be recovered back.

Judgment and order affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment and order of Monroe County Court denying a new trial, affirmed.